ROGERS v. ESTATE OF PETER JUNG, Inc.

No. 16608.

Court of Appeal of Louisiana. Orleans.

Nov. 15, 1937.

Frymire & Ramos and C. L. Stiffell, all of New Orleans, for appellant.

M. C. Scharff, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, E. George Rogers, is a certified public accountant, doing business under the name of E. George Rogers & Co. in the city of New Orleans. The defendant, Estate of Peter Jung, Inc., is a Louisiana Corporation operating the Jung Hotel in New Orleans.

On July 16, 1934, the plaintiff and the defendant, acting through its manager, Burns, entered into a written contract whereby the plaintiff was employed to perform certain professional services for the defendant. This contract reads as follows:

"New Orleans, July 16, 1934.
"Mr. Tommy Burns, Manager, Jung Hotel, New Orleans, La.

"Dear Mr. Burns: This confirms our agreement with you as follows:

"1. That we will audit the books and records of the Estate of Peter Jung, Inc., commencing from July 1, 1934 until June 30th, 1935.

"2. This service to include a monthly examination and report also a semi annual and annual report.

"3. That we are to be at your service at any time during the year when called upon to assist you in analyzing the hotel operations and make any suggestions for its more economical management, and to attend any conferences regarding the hotel operations when requested to do so, also to furnish any and all statistical reports that may be requested.

"The minimum fee for this service shall be $1,200.00 a year payable $100.00 per month and in the event that the time spent in the performance of any of the above service shall exceed 60 days calculated at seven hours per day then the excess of such time shall be charged at the rate of $20.00 per day.

"Yours very truly,
"[Signed]   E. George Rogers & Co.
"Approved:
"[Signed]   Thomas Burns
"for Estate of Peter Jung, Inc."

The above-quoted agreement is clear and explicit, and provides for the employment of the plaintiff by the defendant for a period of one year at a minimum fee of $1,200, payable in monthly installments of $100. It also expressly sets forth that, in the event the services performed by the plaintiff exceed 60 days, calculated at 7 hours per day, during its term, then such excess shall be charged to the defendant at the rate of $20 per day.

This suit results because of an alleged breach by the defendant of the foregoing agreement. Plaintiff claims that, during the term of the contract, he performed services, consuming 81 (7 hour) days at $20 per day, valued at $1,620, and that the defendant has paid on account thereof the sum of $800, leaving a balance due of $820 for which recovery is sought.

The defendant admits the execution of the contract and that its manager, Burns, had authority to bind it, but it avers that it was led to believe that the services of the plaintiff were to be limited to the sum of $100 per month, and that this fact is evidenced by the monthly bills rendered by the plaintiff to it which did not exceed at any time the sum of $100. It also alleges that it had adequate bookkeeping facilities installed at the hotel, and that the services of an auditor were necessary only to balance and check the books and records kept by its regular employees. It further sets forth that its employee, Burns, resigned as manager on April 13, 1935; that it was only at that time that plaintiff's claim for services rendered under the contract was brought to its attention; and that it has tendered to plaintiff the sum of $200 representing the balance due for the services performed.

The district judge, after hearing the evidence, was convinced that recovery should be allowed for the amount sued for, and

accordingly rendered judgment in favor of the plaintiff. Hence this appeal.

In truth, we see no real defense to this suit. The fact of the existence of the contract and that plaintiff performed the services for which he now sues is not seriously contested. It is conceded that Burns had authority to bind the defendant, but liability is fallaciously resisted on the ground that it did not understand the nature of the agreement. As we have above stated, the contract is free from ambiguity, and plainly provides that the plaintiff was to be employed for the period of one year at a minimum of $1,200, calculated upon 60 (7 hour) days of work, payable monthly, and that, in the event it should become necessary for him to perform services in excess of 60 days, he would be entitled to $20 per day for such additional work.

Counsel for defendant argues that, because Mr. Rogers sent in monthly statements of $100 and did not charge for the excess work in his monthly bills, he is now estopped from recovering such excess. Such a construction of the contract would do violence to its plain language; and, furthermore, defendant cannot plead estoppel without showing that it was prejudiced by the acts of the plaintiff.

The defendant, while admitting that its manager, Burns, was authorized to enter into the contract, attempted to show indirectly that the agreement was made without its knowledge or consent. The district judge was extremely liberal in allowing its witnesses to weakly maintain this position in the face of the written contract.

We can find no plausible reason to deprive the plaintiff of recovery for the services rendered by him under this agreement. The judgment is therefore affirmed.

Affirmed.